CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

U.S.A. vs. Dan Jean Hendershott           DKT. NO. 1:95CR00368-1
                                                                     1:95CR00490-1
                                                                     1:95CR00491-1
                                                                     1:96CR00067-1

## SUPERSEDING PETITION DUE TO VIOLATIONS OF SUPERVISION

COMES NOW, Katrina M. Devine, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Dan Jean Hendershott, who was placed on supervision by the Honorable Zita L. Weinshienk sitting in the United States District Court in Denver, Colorado, on July 8, 2009.  The defendant was sentenced to concurrent 6 month terms of imprisonment and concurrent 30 month terms of supervised release for a violation of supervised release related to his original convictions for the offenses of Bank Robbery, in violation of 18 U.S.C. § 2113(a) in Case Numbers 1:95CR00368 and 1:95CR00491; and Bank Robbery and Aiding and Abetting, in violation of 18 U.S.C. §§ 2113(a) and 2 in Case Numbers 1:95CR00490 and 1:9600067.  Supervision commenced on October 8, 2020 and is set to expire on April 7, 2023.  This is the defendant's second term of supervised release as there has been one prior revocation (See Documents 28 and 51 in Case Number 1:95CR00368; Documents 10 and 34 in Case Number 1:95CR00490; Documents 11 and 32 in Case Number 1:95CR00491; and Documents 8 and 29 in Case Number 1:96CR00067, Judgments in a Criminal Case and Judgment for Revocation of Supervised Release).  On November 2 and 4, 2020, the previously enumerated cases were reassigned to the Honorable R. Brooke Jackson.  As noted in the Judgments for Revocation of Supervised Release [Documents 51, 34, 32, and 29, respectively], the Court ordered mandatory, special and standard conditions of supervision.  On November 18, 2020, the Court ordered a modification of the defendant's conditions of supervised release [Documents 67, 50, 47, and 44, respectively].  The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATIONS ALLEGED:**

1. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about October 14, 2020, the defendant used or administered a controlled substance, amphetamine, which had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

Case 1:96-cr-00067-RBJ   Document 59   Filed 07/02/21   USDC Colorado   Page 2 of 6

| Dan Jean Hendershott<br>1:95CR00368-1, 1:95CR00490-1,<br>1:95CR00491-1, 1:96CR00067-1 | Superseding Petition Due to Violations of Supervision<br>Page 2 | July 2, 2021 |

On October 14, 2020, the defendant submitted a positive drug screen at Independence House South Federal, a Residential Reentry Center (RRC), in Denver, Colorado, which returned positive for amphetamine.

On October 15, 2020, during the defendant's supervision intake he informed he ingested "speed" pills the evening before he discharged his term of imprisonment on October 8, 2020.  Based on drug detection periods for amphetamine, the defendant's positive test result on October 14, 2020, is indicative of possession and use of a controlled substance after his commencement of supervised release.  Further, the defendant reported no prescribed medication that would produce a positive drug screen result for amphetamine.

2.  **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about October 22, 2020, the defendant used or administered a controlled substance, cocaine, which had not been prescribed for him by a physician.  This constitutes a Grade C violation of supervised release.

On October 22, 2020, the defendant submitted a positive drug screen at Independence House RRC which returned positive for cocaine.  The defendant denied ingesting cocaine, and the sample was forwarded to the national drug testing laboratory, Alere Toxicology, for further confirmation.  On November 5, 2020, the sample confirmed positive for the presence of cocaine.

3.  **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about October 26, 2020, the defendant used or administered a controlled substance, speed, which had not been prescribed for him by a physician.  This constitutes a Grade C violation of supervised release.

On November 9, 2020, during an employment contact with the defendant, he reported he "fell off" a couple weeks prior and ingested a "speed" pill.  I directed the defendant to submit a drug screen at Independence House the same day.  He complied with my instruction; however, he exhibited symptoms of Covid-19 and was denied admission into the drug testing agency.  No further action was taken as the defendant was pending a compliance review hearing before the Court on November 16, 2020, to address his noncompliance to date via a modification of his conditions of supervised release.

4.  **FAILURE TO RESIDE IN/COMPLY WITH RULES OF RESIDENTIAL REENTRY CENTER (RRC)**

On or about October 22, 2020, the defendant's placement at Independence House RRC was rejected, which constitutes a Grade C violation of supervised release.

Dan Jean Hendershott
1:95CR00368-1, 1:95CR00490-1,
1:95CR00491-1, 1:96CR00067-1

Superseding Petition Due to Violations of Supervision
Page 3

July 2, 2021

On October 13, 2020, the defendant commenced placement at Independence House RRC in Denver, Colorado.  On October 22, 2020, the defendant's placement in the RRC was rejected, following an incident that occurred on October 21, 2020, when staff observed the defendant unresponsive in the courtyard of the facility.  Paramedics responded and when the defendant awoke, he reported to them he had been "heavily drinking."  A search of the defendant's locker revealed an unopened 750ml bottle of vodka.  On October 22, 2020, the defendant reported to the Probation Office as directed.  He admitted to consuming beer at the RRC with his roommates.

On November 16, 2020, a compliance review hearing was held before the Court for the purpose of modifying the defendant's conditions of supervised release.  The Court ordered the defendant's conditions be modified as requested by the Probation Office.

5. **FAILURE TO FOLLOW INSTRUCTIONS OF THE PROBATION OFFICER**

On or about December 3, 2020, the defendant was instructed by the probation officer to secure placement in a sober living home no later than December 10, 2020, and he failed to follow this instruction, which constitutes a Grade C violation of supervised release.

Following the November 16, 2020, compliance review hearing before the Court, the Probation Office received notification the defendant's placement at Stout Street Foundation was accepted.  Based on the outcome of the compliance review hearing, I agreed to allow the defendant to pursue placement in a sober living home or transitional housing in conjunction with outpatient treatment, in lieu of participation in the 18 to 24 month therapeutic community provided by Stout Street Foundation.

On November 27, 2020, I coordinated with the owner of A Future and A Hope transitional housing facility in Littleton, Colorado, the defendant's application to the program.  According to the owner of the program, the defendant would be required to apply and conduct an interview.  Further, based on her knowledge of the defendant's personal history, characteristics, and circumstances, she anticipated accepting him for placement.  The defendant failed to follow through with further application to this program.

On December 3, 2020, I advised the defendant he has until December 10, 2020, to commence placement in a program pursuant to the conditions of his supervised release. On December 4, 2020, the defendant informed he intended to secure placement in Tribe Recovery Homes in Denver, Colorado.  In addition, he stated he was scheduled to move into the program on December 11, 2020.  I subsequently confirmed the defendant's acceptance and anticipated start date with the program director of Tribe Recovery Homes.

Case 1:96-cr-00067-RBJ   Document 59   Filed 07/02/21   USDC Colorado   Page 4 of 6

Dan Jean Hendershott  
1:95CR00368-1, 1:95CR00490-1,  
1:95CR00491-1, 1:96CR00067-1

Superseding Petition Due to Violations of Supervision  
Page 4

July 2, 2021

On December 14, 2020, I was notified by Tribe Recovery Homes staff the defendant failed to commence placement as scheduled and had not since communicated with them. The same day, I contacted the defendant, who advised he was pending placement at Hazelbrook Sober Living in Aurora, Colorado, rather than Tribe Recovery Homes, as it was more affordable.

On December 16, 2020, I verified the defendant's pending placement at Hazelbrook Sober Living in Aurora, Colorado, scheduled to begin on December 18, 2020. I was thereafter notified by Hazelbrook Sober Living staff they had not heard from the defendant since December 16, 2020. On December 21, 2020, at 1:56 a.m., I received a text message notification from the defendant advising he sold his phone and was traveling to Portland, Oregon. Attempts to contact the defendant were unsuccessful.

6. **FAILURE TO REPORT ARREST/QUESTIONING BY LAW ENFORCEMENT OFFICER**

On or about November 24, 2020, the defendant was contacted by the Denver Police Department, and failed to report the contact to the probation officer within 72 hours, which constitutes a Grade C violation of supervised release.

On November 24, 2020, I received email notification the defendant was contacted or queried by Denver Police Department at approximately 1:20 a.m. The same day, I emailed the responding officer, Thomas Mihlbachler, to obtain additional information. On December 1, 2020, Officer Mihlbachler responded to my inquiry and noted he contacted the defendant on November 24, 2020, when he was dispatched to a silent alarm in connection with a business burglary. The defendant was located asleep in his vehicle. Further, he was cooperative and found to not be involved in the incident.

On December 8, 2020, I reviewed with the defendant his condition, requiring notification of arrest or questioning by a law enforcement officer within 72 hours.

7. **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TREATMENT AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to keep counseling appointments at Turning Point, the testing and treatment program in which the probation officer directed him to participate, on December 3, 2020. This constitutes a Grade C violation of supervised release.

On November 17, 2020, the defendant was referred to Turning Point, a contract treatment provider of the Probation Office, for a substance abuse evaluation. On

December 3, 2020, the defendant was scheduled to report to the vendor for his initial appointment. The same day, I contacted him to confirm his appointment, and he acknowledged understanding of same.

Dan Jean Hendershott
1:95CR00368-1, 1:95CR00490-1,
1:95CR00491-1, 1:96CR00067-1

Superseding Petition Due to Violations of Supervision
Page 5

July 2, 2021

On December 5, 2020, I received email notification from Turning Point the defendant was a no call, no show for his scheduled intake. On multiple occasions since December 5, 2020, I directed the defendant to contact Turning Point to reschedule his intake and he failed to do so.

8. **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TESTING AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to provide urine samples at Independence House, the testing and treatment program in which the probation officer directed him to participate, on November 22, 28, and 29, and December 8, 2020. This constitutes a Grade C violation of supervised release.

On October 28, 2020, the defendant was enrolled in drug testing at Independence House, a contract provider of the Probation Office and directed to comply with the rules and regulations of the program. On the following dates, the defendant failed to report for drug testing as directed: November 22, 28, and 29, 2020, and December 8, 2020. Following each failure to appear, the Probation Office received emailed notification. Each instance of failure to appear for drug testing was addressed with the defendant.

9. **VIOLATION OF LAW**

On or about March 30, 2021, the defendant committed Possession of a Controlled Substance (Marihuana-Not More Than Three (3) Ounces, in violation of W.S. § 35-7-1031(c)(i)(A)/§ 35-7-1014(d)(xiii); Open Container, in violation of W.S. § 31-5-235(b); and Interference with Peace Officer, in violation of W.S. § 6-5-204(a). These are misdemeanor offenses, which constitute a Grade C violation of supervised release.

On March 30, 2021, the defendant and two other individuals were contacted by a Wyoming Highway Patrol officer for driving without taillights in Sweetwater County, Wyoming. The defendant was the front seat passenger and identified himself as Eugene Richard Glazier Jr. The officer observed an opened bottle of liquor, and the defendant admitted it belonged to him. After the driver admitted there was marijuana in the vehicle, a drug detection canine was deployed and less than three ounces of marijuana were recovered, as well as a pipe with burnt methamphetamine residue inside a small plastic box on the front passenger floorboard. A small baggie of methamphetamine was recovered from the backseat passenger. While issuing the defendant a citation, the officer observed the defendant did not match the picture on the driver's license. A record check revealed Eugene Richard Glazier Jr. had been arrested for a DUI in 1994 and had a tattoo on his right ankle. The officer requested the defendant show him his ankle and there was no visible tattoo. The defendant was thereafter placed under arrest. At the detention center, the defendant disclosed his true identity.

Dan Jean Hendershott
1:95CR00368-1, 1:95CR00490-1,
1:95CR00491-1, 1:96CR00067-1

Superseding Petition Due to Violations of Supervision
Page 6

July 2, 2021

On March 31, 2021, the defendant was charged and convicted of the above offenses in the Circuit Court of the Third Judicial District, Sweetwater County, State of Wyoming, Case Numbers CR-2021-0284-J, CT-2021-0999-J, and CT-2021-1000-J. He pleaded guilty and was sentenced to 90 days jail, one day credit for time served, and $520 fines and costs

## RESPECTFULLY REQUESTING

That this superseding petition replace the previously submitted petition [Document 51] and that the Court consider revocation of supervision at the violation hearing based on the superseding petition.

I DECLARE under penalty of perjury that the foregoing is true and correct.


*s/ Katrina M. Devine*
Katrina M. Devine
Senior United States Probation Officer
Place:   Denver
Date:    July 2, 2021



*s/ Garret Pfalmer*
Garret C. Pfalmer
Supervising United States Probation Officer
Place:   Denver
Date:    July 2, 2021



**PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:**

The defendant was originally convicted of a Class C felony, thus the maximum sentence allowed upon revocation is 2 years imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade C violation. The defendant's criminal history is a Category VI, thus the advisory guideline range for revocation is 8 to 14 months.